IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ROBERT WAYNE FATHERA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 3:10-01013 |
| v. | ) | Judge Campbell / Knowles |
| | ) | Jury Demand |
| SMYRNA POLICE DEPARTMENT | ) | |
| and OFFICER GARY SCHOON, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

This matter is before the Court upon a Motion to Dismiss filed by Defendant Smyrna Police Department.[1] Docket No. 11. Along with its Motion, Defendant has contemporaneously filed a supporting Memorandum of Law. Docket No. 12. Defendant contends that Plaintiff's claims against it must be dismissed because it is not a proper party subject to suit. *Id.*

Plaintiff has not responded to the instant Motion.[2]

Plaintiff filed this pro se, in forma pauperis action pursuant to 42 U.S.C.1983, alleging that Defendant Gary Schoon used excessive force when arresting him and that Defendant Smyrna Police Department held him in a holding cell bleeding, and did not provide him with timely medical care. Docket No. 1.

In cases alleging civil rights violations, the proper party is the local municipality, not the

---

[1] Defendant Schoon is not a party to the instant Motion.

[2] While Plaintiff did not respond to the instant Motion, after receiving a copy of the pending Motion and supporting Memorandum from Defendant's counsel, Plaintiff filed an Amended Complaint adding "The Town of Smyrna Tennessee" as a Defendant. *See* Docket No. 17. Although Smyrna, Tennessee is now a Defendant in this matter, it has not, as of the date of this Report and Recommendation, been served.

municipal police department. *See, e.g.*, *Matthews v. Jones,* 35 F.3d 1046, 1049 (6th Cir. 1994); *Alexander v. Beale Street Blues Co.*, 108 F. Supp. 2d 934, 947 (W.D. Tenn. 1999). Accordingly, the Smyrna Police Department is not an entity capable of being sued. The undersigned therefore recommends that Defendant's Motion to Dismiss be GRANTED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge