IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT WAYNE FATHERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | CASE NO. 3:10-01013 |
| v. ) | JUDGE KNOWLES |
| ) | |
| ) | JURY DEMAND |
| TOWN OF SMYRNA, TN, and ) | |
| OFFICER GARY SCHOON, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

### I.  Introduction and Background

This matter is before the Court upon a "Motion to Dismiss and for Summary Judgment" filed by Defendant Town of Smyrna, Tennessee ("Defendant"). Docket No. 47. Defendant contemporaneously filed a supporting Memorandum of Law. Docket No. 48.

Plaintiff has filed a Response in Opposition to the instant Motion and supporting Memorandum of Law. Docket Nos. 58, 59.

Defendant has filed a Reply (Docket No. 64), in response to which Plaintiff has filed his own "Reply" (Docket No. 66).

The parties have consented to have a United States Magistrate Judge conduct all proceedings in this case. Docket Nos. 38, 40.

Plaintiff, who was originally proceeding pro se and in forma pauperis, but has since

1

retained counsel, filed this action alleging violations of his constitutional rights pursuant to 42 USC §1983.  *See* Docket Nos. 1, 3, 17, 24. Plaintiff originally sued Smyrna Police Officer Gary Schoon and the Smyrna Police Department in their individual and official capacities, seeking $250,000 from the Smyrna Police Department and $100,000 from Officer Schoon, as well as training for the Smyrna Police Department regarding police brutality and excessive force.  *See* Docket No. 1.  Upon learning that the Smyrna Police Department was not a proper Defendant in this action, Plaintiff amended his Complaint to name the Town of Smyrna, Tennessee as a Defendant.[1]  *See* Docket No. 17.

The factual allegations of Plaintiff's Complaint, in their entirety, are as follows:

> (1) On 11/9/09 I Robert Wayne Fathera was stoped by the Smyrna police department in davidson co. after I evaded arrest from Rutherford co. Once I stoped I got out of the car lay flat on the ground with arms extended out to my side. Officer Gary Schoon came jumped on my back cuffed me and just started hitting me in my fact many many times causing a gash along my whole right eye brow, 2 con cussians in my face, a cut on my left eye, crushed sinusis, nerve damage from nose to my upper teeth.
> I was beat so bad I didn't know where I was, w here I went or how I got there.
> (2) Once I ended up at Smyrna police department I was put in a holding cell bleeding.  Blood dripping on my cloths, I was covered in it. I was held there 3 hours being questions when I shouldve been taken to the hospital.
> When I was transported to Rutherford County Jail as soon as the office and I walked in officer Vaughn 3rd shift said, NO! Get him out of here, your not levening him here were not responsable for that. Once back in his patrol car he called Lt. Cutshaw on his cell phone not police radio and said he was taking me to M.T.M.C. cause the jail wouldn't take me.  The Lt said no bring him back to stonecrest.  We went there and on a few occasions the nurse was very rough cleaning out my eye, leaving rocks in it which I dug out

---

[1] On April 26, 2011, the Smyrna Police Department was terminated as a party in this action.  *See* Docket No. 28.

> 2 weeks later. Once back at the jail the nurse "Lisa" took several pictures of me thats still on the computer. The next day the nurse practitioner took more pictures and said she thought I was gonna lose my eye. If I didn't resist arrest they hadno right beating me th way they did. Smyrna police department. / Officer Gary Schoon.

Docket No. 1.[2]

As noted, this matter is before the Court upon a "Motion to Dismiss and for Summary Judgment" filed by Defendant Town of Smyrna, Tennessee. Docket No. 47. Although Defendant has submitted numerous Exhibits and other supporting materials, the undersigned declines to consider them because the allegations of Plaintiff's Complaint form a sufficient basis upon which the undersigned can rule on the instant Motion. Because it is unnecessary for the undersigned to consider matters outside the pleadings with regard to the instant Motion, the undersigned will consider the instant Motion as a Motion to Dismiss. *See* Fed. R. Civ. P. 12.

Defendant is a municipality. Municipalities can be held liable under §1983, but only if a plaintiff demonstrates that an official municipal policy, practice, or custom caused him injury. *Monell v. NY City Dept. Of Soc. Servs.,* 436 U.S. 658, 691 (1978). As can be seen in the quoted passages above, Plaintiff never avers the existence of any municipal policy, practice, or custom, much less one that caused him injury. Absent such averment, Plaintiff cannot sustain his claim against Defendant.

Plaintiff's counsel argues in the supporting Memorandum of his Response that Plaintiff's claim against Defendant is that Defendant is liable for Plaintiff's lack of medical care. Docket No. 59. Again, Plaintiff fails to allege that any official municipal policy, practice, or custom of

---

[2] Plaintiff's Amended Complaint adds the Town of Smyrna as a Defendant, but does not contain any new factual allegations. *See* Docket No. 17.

3

Defendant caused him injury; and again, absent such averment, Plaintiff cannot sustain his claim against Defendant.

    For the reasons set forth above, Defendant's Motion to Dismiss will be GRANTED, and the Town of Smyrna, Tennessee will be TERMINATED as a party to this action.

AN APPROPRIATE ORDER WILL BE ENTERED.

_____
E. CLIFTON KNOWLES
United States Magistrate Judge

4