IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT WAYNE FATHERA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | )  CASE NO. 3:10-01013 |
| v. | )  JUDGE KNOWLES |
| | )  JURY DEMAND |
| TOWN OF SMYRNA, TN, and | ) |
| OFFICER GARY SCHOON, | ) |
| | ) |
| Defendants. | ) |

# MEMORANDUM OPINION

## I. Introduction and Background

This matter is before the Court upon a Motion for Summary Judgment filed by Defendant Officer Gary Schoon. Docket No. 49. Defendant Schoon argues that he is entitled to summary judgment because: (1) he has done nothing to infringe upon Plaintiff's civil rights; (2) Plaintiff resisted arrest, thereby justifying Defendant's use of force; (3) Plaintiff was not denied medical care; and (4) Defendant is entitled to qualified immunity. *Id.* In support of his Motion, Defendant Schoon has filed a supporting Memorandum of Law (Docket No. 50), a Statement of Undisputed Material Facts (Docket No. 51), Defendant Schoon's Affidavit ("Def. Aff.")(Docket No. 52-1), authenticated dashboard camera video footage from 11/9/2009 (Docket No. 52, Exhibit 1-A), authenticated video footage of Plaintiff's Interrogation at the Smyrna Police Department immediately following his arrest on 11/9/2009 (Docket No. 52-2, Exhibit 2), Plaintiff's Deposition Excerpts ("Plaintiff's Dep.")(Docket No. 52-3), Excerpts from the

1

Deposition of Darrell W. Lambert ("Lambert Dep.")(Docket No. 52-4), Excerpts from the Deposition of George T. Gant, III ("Gant" Dep.")(Docket No. 52-5), authenticated records excerpts from the Nashville Fire Department on 11/9/2009 ("NFD records")(Docket No. 52-6), authenticated record excerpts from Stonecrest Medical Center on 11/9/2009 ("11/9/2009 Stonecrest records")(Docket No. 52-7), and the expert disclosure opinion of Mr. Robert Allen ("Allen Op.")(Docket No. 52-8).

Plaintiff has filed a Response in Opposition to the instant Motion (Docket No. 57) and a Response to Defendant's Statement of Undisputed Material Facts (Docket No. 65). Plaintiff has additionally filed unauthenticated copies of the police reports (Docket No. 61-1), authenticated medical records from Stonecrest Medical Center dated 11/10/2009 ("11/10/2009 Stonecrest records")(Docket No. 61-2), unauthenticated photographs of Plaintiff ("Plaintiff's pics")(Docket No. 61-3), the video Depositions of Plaintiff, Darell Lambert, and Gary Schoon (Docket No. 63, Exs. 5-7), Preliminary Hearing Audio (Docket No. 63, Ex. 8), and the video of Plaintiff's interrogation (Docket No. 63, Ex. 9).

Defendant has filed a Reply. Docket No. 64. Without leave of Court, Plaintiff has filed a "Response to the Reply" (Docket No. 66), to which Defendant objects (Docket No. 69).

Plaintiff, who was originally proceeding pro se but who has since retained counsel, filed this action pursuant to 42 U.S.C. §1983, alleging that Defendant Schoon violated his Fourth and Eighth Amendment constitutional rights.[1] Docket No. 1. Specifically, Plaintiff avers that

---

[1] Plaintiff subsequently filed an Amended Complaint. Docket No. 17. Plaintiff's Amended Complaint names the Town of Smyrna, Tennessee as a Defendant, but does not proffer any additional factual allegations against Defendant Schoon. *See id.* On May 1, 2013, the Town of Smyrna was terminated as a party in this action. Docket No. 72.

2

Defendant Schoon used excessive force in effecting his arrest when he allegedly "jumped on my back cuffed me and just started hitting me in my face many times causing a gash along my whole right eye brow, 2 con cussions in my face, a cut on my left eye, crushed sinusis, nerve damage from nose to my upper teeth." *Id.*, p. 5. Plaintiff also avers that he was denied medical care because he was taken to the Smyrna Police Department bleeding, and was held there for questioning for three hours, "when I should have been taken to the hospital." *Id.* Plaintiff sues Defendant Schoon in his individual and official capacities, and seeks $100,000 in damages from him. *Id.* Defendant Schoon denies Plaintiff's allegations.

The parties have consented to have a United States Magistrate Judge conduct all proceedings in this action, pursuant to 28 U.S.C. §636(c). Docket Nos. 38, 40.

For the reasons set forth below, genuine issues of material fact exist and Defendant is not entitled to a judgment as a matter of law. Accordingly, Defendant's Motion will be denied.

## II.  Undisputed Facts[2]

On November 9, 2009, Plaintiff received a telephone call from Darrell Lambert asking for a ride. Plaintiff Dep., p. 98-99. Plaintiff knew that Mr. Lambert was planning to "sell some guy some pills." *Id.* Plaintiff and his girlfriend, Katie Black, left Plaintiff's mother's house in Ms. Black's white Ford Mustang and picked up Mr. Lambert and his girlfriend at their home. *Id.*, p. 101-02. They stopped at the Spur Station in Smyrna and bought a twelve pack of beer. *Id.*, p. 103; 119. Plaintiff consumed one to three of those beers. *Id.*

The group arrived at the Fate Sanders Marina in Smyrna, where Mr. Lambert had

---

[2] Unless otherwise noted, the following facts are in a form required by Fed. R. Civ. P. 56 and are undisputed.

3

arranged to meet his customers. *Id.*, p. 105; 108. Mr. Lambert spoke briefly to his customers before coming back to the car and telling Ms. Black "Let's go." *Id.* When leaving the Marina, the customers followed the Mustang; both cars eventually stopped in a subdivision in Smyrna. *Id.*, p. 108-10.

As Plaintiff was exiting the Mustang, Mr. Lambert bumped him into the door and knocked him down to one knee in the grass. *Id.*, p. 110-12. Plaintiff got into the driver's seat and he and Mr. Lambert began to drive away from the scene. *Id.*, p. 115-16.

Defendant Schoon initially received information that the suspects in the white Mustang were wanted for robbery. Schoon Aff., ¶ 10; Docket No. 56, para 10. Defendant Schoon made contact with the white Mustang driven by Plaintiff on Weakley Lane in Smyrna. Schoon Aff., ¶ 12-13; Exhibit 1-A. When Defendant Schoon attempted to stop the vehicle, Plaintiff fled. Schoon Aff., ¶ 13. Plaintiff lead Defendant Schoon on a thirteen minute pursuit reaching speeds, at times, in excess of one hundred miles per hour. Ex. 1-A. The pursuit lasted from Rutherford County into Davidson County. *Id.* The pursuit occurred during rush hour traffic. Plaintiff's Dep., p. 124-25. On the ramp to enter I-24 Eastbound, the Mustang side-swiped another motorist, which broke the mirrors off both vehicles. Schoon Aff., ¶ 17; Plaintiff's Dep., p. 91. Plaintiff made a quick exit off I-24 at Haywood Lane, cutting across several lanes of traffic. Ex. 1-A; Gant Dep., p. 18-19. When exiting, Plaintiff lost control of the vehicle and it spun into a grassy area. Ex. 1-A; Schoon Aff., ¶ 20. Plaintiff continued to flee down Harding Road and turned onto Bush Road, which dead-ended into the parking lot of a rock quarry. *Id.* Defendant

4

Schoon stopped on the small bridge that led into the area. Ex. 1-A; Schoon Aff., ¶ 21.[3]

Defendant Schoon had his lights and sirens on throughout the entire pursuit. Schoon Aff., ¶ 17. The pursuit occurred as depicted on the dashboard camera video from Defendant Schoon's vehicle. Ex. 1-A. Because of the position of the vehicles at the rock quarry, however, the dashboard camera did not record video of Plaintiff exiting his vehicle, Defendant Schoon's initial contact with Plaintiff, or Plaintiff's arrest.

Plaintiff was charged with aggravated assault, driving on a revoked license, leaving the scene of an accident, reckless endangerment, driving while intoxicated, violation of implied consent, and evading arrest. Schoon Aff., ¶ 30. Plaintiff plead guilty to evading arrest, reckless endangerment, driving while intoxicated, and "accident involving damage to a vehicle." Plaintiff's Dep., p. 89-91.

### III. Analysis

**A. Motion for Summary Judgment**

Under Fed. R. Civ. P. 56(c), summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A dispute is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986).

---

[3] The parties dispute essentially all events subsequent to Plaintiff's stopping in the parking lot of the rock quarry and Defendant's stopping on the small bridge leading into the area.

In order to prevail on a Motion for summary judgment, the moving party must meet the burden of proving the absence of a genuine issue as to material fact concerning an essential element of the opposing party's claim. *Celotex v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986); *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989). In determining whether the moving party has met its burden, the Court must view the evidence in the light most favorable to the nonmoving party. *Matsushita Electric Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S. Ct. 1348, 1356 (1986).

Fed. R. Civ. P. 56 provides that the nonmoving party may not rest upon the mere allegations or denials of his or her pleading, but his or her response, by affidavits or otherwise, must set forth specific facts showing that there is a genuine issue for trial. If a nonmoving party, however, fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial, there is no genuine issue as to any material fact because a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. *Celotex*, 477 U.S. at 322-23, 106 S. Ct. at 2552 When this occurs, the moving party is entitled to summary judgment as a matter of law. *Id.* at 322-23, 106 S. Ct. at 2552; *Williams v. Ford Motor Co.,* 187 F.3d 533, 537-38 (6th Cir. 1999).

**B.  42 U.S.C. § 1983**

Plaintiff alleges violations of his Fourth and Eighth Amendment rights pursuant to 42 U.S.C. § 1983. *See* Docket No. 1. Section 1983 provides, in part, that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction

> thereof to the deprivation of any rights, privileges, or immunities
> secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper
> proceeding for redress...

Thus, in order to state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 2254-55 (1988), *citing Parratt v. Taylor,* 451 U.S. 527, 535, 101 S. Ct. 1908, 1913 (1981) (overruled in part on other grounds, *Daniels v. Williams,* 474 U.S. 327, 330-331, 106 S. Ct. 662 (1986)); *Flagg Bros., Inc. v. Brooks,* 436 U.S. 149, 155, 98 S. Ct. 1729, 1733 (1978). The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Id.* at 49, 108 S. Ct. 2255, *quoting United States v. Classic,* 313 U.S. 299, 326, 61 S. Ct. 1031, 1043 (1941).

## C. The Case At Bar

As discussed above, the parties agree on the events prior to Plaintiff's stop in the rock quarry. From the time of Plaintiff's arrival in the rock quarry, however, the parties dispute each other's account of the events. In short, Plaintiff contends that Defendant Schoon beat him up, and Plaintiff's account is supported, *inter alia*, by his Deposition and that of Mr. Lambert; while Defendant denies beating Plaintiff up, and Defendant's account is supported, *inter alia*, by his Deposition, his Affidavit, and the Deposition of Officer Gant. Because nearly all of the material facts in this action are disputed, summary judgment is not appropriate.

## IV. Conclusion

For the foregoing reasons, the undersigned finds that genuine issues of material fact exist,

7

and therefore, Defendant is not entitled to a judgment as a matter of law. Accordingly, Defendant's Motion for Summary Judgment will be DENIED.

     AN APPROPRIATE ORDER WILL BE ENTERED.

.

                                                     _____
                                                   E. CLIFTON KNOWLES
                                                   United States Magistrate Judge